UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| OTONIEL BELLBER II,<br><br>                    Plaintiff,<br><br>          -against-<br><br>BOULEVARD TOGETHER OWNER LLC, BARBARA CLARK, an individual, FARZANA RAHMAN, an individual, and JAY'NEE GARCIA, an individual,<br><br>                    Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded<br><br>Index No.: |

Plaintiff Otoniel Bellber II ("Plaintiff"), by and through his attorneys, The Law Office of David H. Rosenberg, P.C., complaining of Defendants Boulevard Together Owner LLC ("Boulevard Together"), Barbara Clark ("Clark"), Farzana Rahman ("Rahman"), and Jay'Nee Garcia ("Garcia" and all together as "Defendants") herein, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This is a race and color discrimination, as well as retaliation case, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"); and the New York State Human Rights Law, Executive Law § 296, *et seq.* ("NYSHRL").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. § 1343(a)(4).

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this cause of action, including the unlawful employment practices alleged herein, occurred in this district.

4. All conditions precedent to maintaining this action have been met. A charge of discrimination was filed with the Equal Employment Opportunity Commission, a Notice of Right to Sue was emailed to Plaintiff on September 27, 2022, and this action has been filed within ninety (90) days of receipt.

## PARTIES

5. At all relevant times, Boulevard Together was a consortium of New York City companies designated by the New York City Housing Authority to renovate and manage Boulevard Houses, Fiorentino Plaza, and Belmont-Sutter Area, duly incorporated, validly existing, and in good standing, under the laws of New York, with a principal business location of 826 Broadway, 11th Floor, New York, New York 10003.

6. At all relevant times, Boulevard Together had 15 or more employees.

7. At all relevant times, Plaintiff was a black male resident of Rosedale, New York and an employee of Boulevard Together who typically reported to work at 816 Ashford Street, Brooklyn, New York, 11207 ("Premises").

8. At all relevant times, Clark was the black female general manager.

9. At all relevant times, Rahman was the non-black Indian female director of human resources.

10. At all relevant times, Garcia was the black female porter.

## BACKGROUND

11. On or around February 1, 2022, Plaintiff commenced employment for Boulevard Together as a facilities manager at the Premises, with a salary of $100,000.00 per annum.

12. Due to sheer hard work and dedication to the job, Plaintiff was well-liked by building residents and fellow employees.

13. Notwithstanding these positive contributions, Plaintiff was discriminated against on account of race and color.

**FACTS**

14. On March 11, 2022, Plaintiff observed Garcia screaming at porter Shawn Carter ("Carter", black male) and told Garcia to stop. Garcia refused and Plaintiff physically separated her from Carter. Garcia walked away and screamed, "That's why all we got to do is record his ass [Plaintiff] and take it upstairs to Barbara [Clark]." Other non-black employees were not treated this way.

15. Later that day, at the maintenance and porter staff meeting, Garcia took out her cell phone and aimed it at Plaintiff to make it clear that she was recording him. Plaintiff asked Garcia to stop and Garcia refused. At the end of the meeting, Garcia stopped the videotaping of Plaintiff, walked towards Plaintiff, and said, "Nigga, you ain't my boss, Jason's[1] my boss." Other non-black employees were not treated this way.

16. On March 15, 2022, Plaintiff complained to Jack, "Jay'Nee Garcia has been making things very hostile, she was videotaping me at a meeting without my permission and wouldn't stop when I told her to, she called me a nigger, and I cannot tolerate it." Jack assured Plaintiff, "I will talk to her, again." Plaintiff believed that Jack's representation of "again" showed that Garcia had been accused of this type of racial/color discrimination before. Notwithstanding Plaintiff's complaint, no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to endure the hostile work environment described herein. Other non-black employees and those who did not oppose discriminatory practices were not treated this

[1] Jason Jack ("Jack") was the black male superintendent.

3

way.

17. On April 5, 2022, Plaintiff asked Garcia politely for her employee time sheet. In response, Garcia said "nigga you are annoying" in the presence of employee Eddie Nieves (non-black Latino male handyman).

18. On April 8, 2022, Plaintiff emailed Clark and Rahman the April 6, 2022 warning letter to Garcia which accused Garcia of, *inter alia*, the following:

> You continuously use inappropriate language (the N word) and tone when addressing co-workers and your supervisors. I have given you several verbal warnings concerning this issue, yet it persists. I've also spoken to Jason Jack on several occasions about addressing this issue with you as well.

Plaintiff also wrote, "I've repeatedly told you about using the "n" word in and about the workplace." The letter detailed other mistreatment of Plaintiff by Garcia such as being videotaped without permission, shouted at, falsely accused of making mistakes and "spreading gossip/rumors." Plaintiff instructed that Garcia be "assigned to another position" and transferred out of the Premises.

19. Garcia was never transferred. Instead, Rahman cryptically wrote in response, "I recommend some changes to your letter. Barbara [Clark] may have some modifications as well." However, no actual, specific changes were made or recommended, and Clark never responded to the email. Notwithstanding Plaintiff's complaint, no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to endure the hostile work environment described herein. Other non-black employees and those who did not oppose discriminatory practices were not treated this way.

20. On April 22, 2022, Plaintiff was exiting the parking lot at the Premises in his vehicle when

Garcia, on foot, and in front of Eddie Nokes ("Nokes", black male handyman), stood directly in front of Plaintiff's vehicle. When Plaintiff lightly honked, Garcia turned around, swung her arm at Plaintiff, and shouted, "Go. I can't stand that nigga, go, go." Nokes physically removed Garcia from blocking Plaintiff's vehicle and told Garcia to calm down as Garcia continued to shout "go" at Plaintiff. After being physically separated from Plaintiff, Garcia shouted, "I wish these niggas hurry the fuck up." Nokes later admitted to Plaintiff that Garcia "was way out of line." Plaintiff complained to resident liaison Marcus Williams ("Williams", black male) generally, "Jay'Nee Garcia was in the parking lot, I was trying to get around her, she wouldn't let me leave, she took a swing at me, she told me to go, she keeps referring to me as a nigger, and I cannot take it anymore, I do not feel safe." Williams said that he would "look into it" and would "talk to Barbara." Notwithstanding Plaintiff's complaint, no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to endure the hostile work environment described herein. Other non-black employees and those who did not oppose discriminatory practices were not treated this way.

21. On April 25, 2022, Plaintiff emailed Rahman, Williams, and Clark complaining, *inter alia*, that Garcia swung her arm at Plaintiff; shouted, "I CAN'T STAND THAT N***A [sic]" and "I wish these N***A's hurry the F**K up [sic]"; that Garcia's behavior was "unacceptable"; "extremely hostile"; and made him feel "very uncomfortable". Notwithstanding Plaintiff's complaint, no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to endure the hostile work environment described herein. Other non-black

employees and those who did not oppose discriminatory practices were not treated this way.

22. On May 5, 2022, senior property manager Jill Zilker ("Zilker" non-black female) told Plaintiff, "Tony, you're a good employee but unfortunately this isn't working out." Plaintiff asked, "What isn't working out?" Zilker responded, "This isn't working out, so leave your phone, I.D., and keys with Joe[2], Boulevard Together has decided to go their separate ways." Other non-black employees and those who did not oppose discriminatory practices were not treated this way.

23. Plaintiff was terminated on account of his race, color, and in retaliation of his opposition to discriminatory practices.

24. As a result of the discriminatory/retaliatory termination, Plaintiff suffered and continues to suffer emotional and economic damages.

## FIRST CAUSE OF ACTION
*(Discrimination and retaliation under Title VII against Boulevard Together)*

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26. Plaintiff was discriminated against on account of race and color.

27. Plaintiff was retaliated for opposing discriminatory practices.

28. As more fully set forth above, Boulevard Together took adverse employment actions against Plaintiff, subjected Plaintiff to a severe and pervasive hostile work environment and/or maintained an atmosphere of adverse actions, chiefly being Plaintiff's termination, in violation of Title VII.

## SECOND CAUSE OF ACTION

---

[2] Joseph Wazick was the non-black male assistant construction manager.

*(Discrimination and retaliation under NYCHRL against the Defendants)*

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. Plaintiff was discriminated against on account of race and color.

31. Plaintiff was retaliated for opposing discriminatory practices.

32. As more fully set forth above, Defendants took adverse employment actions against Plaintiff by subjecting Plaintiff to more than petty slights and trivial inconveniences; inferior terms of a hostile work environment; and an atmosphere of adverse actions, chiefly being Plaintiff's termination.

33. The individual Defendants participated in, as well as aided; abetted, incited, compelled and/or coerced the aforementioned unlawful conduct.

**THIRD CAUSE OF ACTION**
*(Discrimination and retaliation under NYSHRL against the Defendants)*

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. Plaintiff was discriminated against on account of race and color.

36. Plaintiff was retaliated for opposing discriminatory practices.

37. As more fully set forth above, Defendants took adverse employment actions against Plaintiff by subjecting Plaintiff to more than petty slights and trivial inconveniences; inferior terms of a hostile work environment; and an atmosphere of adverse actions, chiefly being Plaintiff's termination.

38. The individual Defendants participated in, as well as aided; abetted, incited, compelled and/or coerced the aforementioned unlawful conduct.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory,

liquidated, lost pay, front pay, back pay, injunctive relief, reinstatement, emotional, punitive, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Melville, New York
      November 30, 2022

THE LAW OFFICE OF DAVID H. ROSENBERG, P.C.

DAVID H. ROSENBERG
The Law Office of David H. Rosenberg, P.C.
*Attorneys for Plaintiff*
445 Broad Hollow Road, Suite 25
Melville, N.Y. 11747
Ph: (516) 741-0300
drosenberg@employeelawnewyork.com